UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In Re:                                                     Chapter 7

Dorn L. Wright,                                            Case No. 819-75827-A736

          Debtor.                                    <u>Affirmation in Support</u>

-----------------------------------------------------------X

        Marc A. Pergament, duly affirms under the penalties of perjury as follows:

    1.    I am an attorney admitted to practice law in the United States Court of Appeals for the Second Circuit and the United States District Court for the Eastern and Southern Districts of New York and am a member of Weinberg, Gross & Pergament LLP, attorneys for the Trustee.

    2.    I am also the Trustee of this Estate and I am familiar with the facts and circumstances set forth herein.

    3.    This Affirmation is submitted in support of my motion for an Order: (a) holding Mr. Cooper ("Witness") in contempt for its willful failure to comply with the Rule 2004 Subpoena and Order served upon it on October 7, 2019; (b) directing that the Witness pay costs and attorneys' fees incurred by the Estate in making this motion for contempt in the sum of $1,000.00; (c) sanctioning the Witness the sum of $100.00 each per day from October 20, 2019 until it fully complies with the Rule 2004 Subpoena and Order; and (d) such other and further relief as this Court deems just and proper.

    4.    On August 21, 2019 ("Petition Date), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code and was examined at his Section 341(a) Meeting of Creditors ("341 Meeting") on September 26, 2019.

5. Issues had arisen as to the transaction whereby the Debtor transferred the real property located at 37 Carver Boulevard, Bellport, New York 11713 to Goldstar Special Properties Inc. on or about January 23, 2019.

6. Based on the testimony provided to the Trustee, it was unclear if consideration was transferred to the Debtor and the co-owner in exchange for the issuance of the Deed and as to all of the surrounding circumstances concerning that transaction.

7. The president of Goldstar Special Properties Inc. is Charles Cruz and the Deed that was recorded by the Suffolk County Clerk was notarized by Ronald J. Wiener.

8. The Trustee required the examination of Mr. Cooper, which is the successor in interest to Nationstar, which was the successor in interest to U.S. Bank with respect to its foreclosure action. Mr. Cooper owned the mortgage that was granted by the Debtor.

9. Due to the lack of information provided by the Debtor, the only method to obtain that information was through Rule 2004 examinations.

10. I served a Motion requesting authorization to issue a subpoena pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure for the testimony of Goldstar Special Properties Inc., Ronald J. Wiener and Mr. Cooper and the production of documents. An Order was entered by the Court on October 3, 2019 granting my request. A copy of the Order is annexed hereto as Exhibit "A."

11. The Subpoena to Mr. Cooper was issued in accordance with the October 3, 2019 Order. A copy of the Rule 2004 Subpoena and Document Request served upon Mr. Cooper is annexed hereto as Exhibit "B."

12. The Subpoena was served via certified mail upon Mr. Cooper on October 7, 2019. A copy of the Affidavit of Service is annexed hereto as Exhibit "C." Also annexed as Exhibit C is the green card evidencing receipt by Mr. Cooper.

13. Mr. Cooper was directed to produce the requested documents by October 20, 2019 and appear for examination on a date to be determined. I received no response.

14. By letter dated January 20, 2020, I wrote to Mr. Cooper enclosing a copy of the Subpoena, Order of October 3, 2019 and Document Request advising that if I did not hear from a representative by February 4, 2020, I would seek immediate intervention of the Bankruptcy Court. As that letter was ignored, by letter dated February 6, 2020, I again wrote to Mr. Cooper enclosing a copy of the Subpoena, Order of October 3, 2019 and Document Request advising if I did not hear from a representative by February 14, 2020, I would be filing a motion to compel compliance and seek an order of contempt. A copy of my letter of January 20, 2020 and my letter of February 6, 2020 are annexed hereto as Exhibit "D." My letters were addressed to an Executive Vice President of Mr. Cooper.

15. Mr. Cooper has still not complied with the Rule 2004 Subpoena and have not produced any documents nor have I received any communication concerning compliance with the Subpoena.

16. Based on the foregoing, I respectfully request that this Court grant my motion in its entirety due to the refusal and failure of Mr. Cooper to comply with the Subpoena, which has impeded my administration of this case.

17. I request that this Court assess sanctions against Mr. Cooper at the rate of $100.00 per day from October 20, 2019, until it fully complies with the Subpoena.

18. I also request that this Court award the Estate attorneys' fees and costs with respect to this motion for contempt and grant such other and further relief that this Court deems just and proper.

19. No prior request by the Trustee for the relief sought herein has been made to this or any other Court.

WHEREFORE, it is respectfully requested that this Honorable Court grant the Trustee's motion in its entirety and such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
       February 19, 2020

_____
Marc A. Pergament